IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 5:22-cv-21 |
| KAITLYN B. STEPHENS, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Plaintiff, Midland National Life Insurance Company ("Midland"), by and through its attorneys, [local counsel for initial filing], states as follows for its Complaint for Rescission and Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57:

## THE PARTIES

1. Plaintiff, Midland, is incorporated in the State of Iowa, with its principal place of business in West Des Moines, Iowa.

2. Defendant, Kaitlyn B. Stephens ("Stephens") resides in Mooresville, North Carolina, and is a citizen of the State of North Carolina.

## JURISDICTION & VENUE

3. Midland seeks a judgment of rescission and a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure that it has no liability under an insurance policy, policy no. 1508097608 ("the Policy"), issued on the life of Stephens, in the face amount of $100,000, and that said Policy is void because of material misrepresentations contained in the application for the Policy.

1

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that diversity of citizenship exists between Midland and Stephens, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391(b)(1), in that Stephens resides in this judicial district, and § 1391(b)(2), in that a substantial part of the events or omissions giving rise to Midland's claim occurred in this judicial district.

## BACKGROUND

6. On June 30, 2021, Stephens completed Individual Life Insurance Application Part 1 of an application for a Flexible Premium Adjustable Universal Life Insurance Policy from Midland. Part 1 of this application was electronically signed by Stephens in Mooresville, North Carolina.

7. In executing the application for insurance, Stephens acknowledged that she understood and agreed to the following pertinent language in Part 1 of the application:

> **IT IS DECLARED** that statements and answers in this application, including statements by the Proposed Insured in any medical questionnaire or supplement that become part of this application, are complete and true to the best knowledge and belief of the undersigned. […] The undersigned FURTHER AGREES to immediately advise the Company of any change to any of the responses contained in the application, including any change in the health or habits of any Proposed Insured, that arise or is discovered after completing this application, but before the policy is effective, as defined herein.

8. Stephens also electronically signed and completed Individual Life Insurance Application Part 2 electronically on June 30, 2021.

9. There appeared immediately above Stephens' signature on Application Part 2 are the following:

**ACKNOWLEDGEMENT AND AGREEMENT:** I acknowledge that all statements by me on this application and other related forms that become part fo the policy are complete and true to the best of my knowledge and belief. I agree to immediately advise the Company of any change to any of the responses on this application or other related forms that arise after completing this application, but before the policy is effective…

**Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalty under state law.**

10. Both Application Parts 1 and 2, as well as all other application materials, were attached to the Policy, a duplicate of which is attached hereto as Exhibit A.

11. The pertinent questions and Stephens's responses in Application Part 2 are listed below:

2. In the past 5 years have you:…
   b. Used Tobacco or any other product with nicotine?
ANSWER: No.

12. Based on the statements and representations provided by Stephens in her application, Midland issued the Policy to Stephens with a Policy Date of July 7, 2021, and a planned initial premium of $458.88 and a planned period premium of $38.24 monthly which were commensurate with "non tobacco rates."

13. A copy of the Policy, with the application (including Part 1 and Part 2) attached, was delivered to Stephens, who signed a delivery receipt dated July 12, 2021.

14. The Policy contains the following pertinent language:

ENTIRE CONTRACT – The entire Contract between You and Us consists of this Policy, including any attached Endorsements or Riders, any attached schedules, the attached written application for this Policy, and any attached supplemental written application(s). Each statement made in any such written application, in the absence of fraud, is deemed a representation and not a warranty. We will not use any statement made by the Insured, or on the Insured's behalf, to contest a claim under this Policy unless it is contained in a written application and attached to this Policy.

[…]

3
Case 5:22-cv-00021-KDB-DCK    Document 1    Filed 02/23/22    Page 3 of 7

INCONTESTABILITY – We cannot contest this Policy, or any Rider attached to it, after it has been in effect during the lifetime of the Insured for two years from the Policy Date or, if reinstated, for two years from the date of reinstatement, except for:
(a) Non-payment of Premium;
(b) Provisions related to benefits payable in the event of total and permanent disability or accidental death benefits; or
(c) Fraud, when permitted by applicable law in the state where this Policy is delivered or issued for delivery.
[…]
As long as this Policy remains contestable, the Insured, Owner, Beneficiary, or next-of-kin will cooperate with the Company in any contestable investigation conducted by the Company, including, but not limited to, supplying the Company with necessary authorizations for medical and other information.

15. Subsequent to the issuing of the Policy, Midland obtained certain Stephens medical records which indicated that, during an annual physical of June 1, 2021 and a prior visit of April 27, 2021, she was noted to be a user of smokeless tobacco.

16. Stephens provided a false answer to Question 2b in Part 2 of her application in that, as of April 27, 2021 and June 1, 2021, Stephens was using tobacco, specifically smokeless tobacco – a product containing nicotine.

17. This misrepresentation, which Stephens did not correct prior to the acceptance and delivery of the Policy, materially affected the acceptance of the risk or hazard assumed by Midland.

18. Had Midland known the true facts pertaining to Stephens's medical and health history, specifically that she was a user of smokeless tobacco, it would not have issued the Policy at non-tobacco rates.

19. These false statements and misrepresentation in Stephens's application were knowingly false and made with actual intent to deceive Midland.

20. Stephen's misstatement as to her not having used tobacco was a natural influence on the judgment of Midland in issuing the Policy with regard to Midland's issuing the policy,

estimating the degree and character of the risk in issuing the policy, and in the fixing of the rate of premium.

## COUNT I – RESCISSION OF POLICY NO. 1508097608

21. Midland repeats and re-alleges Paragraph Nos. 1 through 20 as though fully set forth herein.

22. On November 1, 2021, Midland sent Stephens a letter informing her of its discovery of the misrepresentation, advising her that the Policy was subject to rescission, and requesting that she agree to the rescission of the Policy in exchange for a refund of premiums paid under the Policy, with interest.

23. Midland's November 1, 2021 letter further advised Stephens that, in the event of a lawsuit, it would seek attorneys' fees and expenses incurred in protecting its rights as a result of the misrepresentation(s) in the application.

**WHEREFORE**, Plaintiff Midland National Life Insurance Company respectfully requests that this Court:

A. Enter judgment of rescission in favor of Midland and against Defendant by rescinding Policy No. 1508097608, which judgment will set aside, cancel, rescind, and declare the Policy to be null and void *ab initio*; and

B. Enter all such other and further relief as this Court may deem necessary, just and proper under the circumstances of this action.

## COUNT II – DECLARATORY JUDGMENT – POLICY NO. 1508097608

24. Midland repeats and re-alleges Paragraph Nos. 1 through 23 as though fully set forth herein.

25. An actual controversy exists between the parties with respect to the Policy, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the authority to enter a declaratory judgment as to the rights of the parties concerning the Policy.

**WHEREFORE**, Plaintiff Midland National Life Insurance Company respectfully requests that this Court:

A. Declare, adjudicate and enter by judgment the rights and legal obligations of the parties to this matter in controversy, in particular regarding the life insurance policy issued by Midland to Stephens as Owner and Insured, Policy No. 1508097608; and

B. Declare, adjudicate and enter by judgment that Policy No. 1508097608 is null and void *ab initio* and of no effect, and that Midland has no obligation or liability thereunder other than the refund of premiums paid;

C. Enter an award against Stephens and in favor of Midland in the amount of reasonable attorney's fees and expenses incurred in bringing and prosecuting this action; and

D. Enter all such other and further relief as this Court may deem necessary, just and proper under the circumstances of this action.

DATE: February 23, 2022.

By: */s/ John M. Sperati*
John M. Sperati
NC State Bar No. 31810
Smith Debnam Narron Drake
Saintsing & Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27609
Telephone: (919) 250-2000
Fax: (919) 250-2211
jsperati@smithdebnamlaw.com

*Of Counsel*

Ryan H. Voss (*pro hac vice* motion to be filed)
Chittenden Murday & Novotny LLC
303 W. Madison St., Ste 2400
Chicago, IL 60606
Telephone: (312) 281-3600
Fax: (312) 281-3678
rvoss@cmn-law.com

David J. Novotny (*pro hac vice* motion to be filed)
Chittenden Murday & Novotny LLC
303 W. Madison St., Ste 2400
Chicago, IL 60606
Telephone: (312) 281-3600
Fax: (312) 281-3678
dnovotny@cmn-law.com

7

Case 5:22-cv-00021-KDB-DCK    Document 1    Filed 02/23/22    Page 7 of 7